UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUITY ONE FRANCHISORS, LLC,  *Plaintiff,*  v.  JOHNNY ("JOHN") DISHON, JR.,  *Defendant.* | Case No. 4:26-cv-115-MAL |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Equity One Franchisors, LLC ("Equity One"), for a Temporary Restraining Order (Doc. 5) against Defendant Johnny ("John") Dishon, Jr. ("Dishon"). Because Equity One has failed to establish that it will suffer irreparable harm absent preliminary relief, the motion is **DENIED**.

### Background

Equity One licenses GlobalGreen insurance agencies. Doc. 1 at ¶ 1. Johnny Dishon used to own and operate one of those agencies, *id.* at ¶ 2, but he now operates a competing insurance agency in the same area, allegedly using Equity One's customer lists to solicit those customers to transfer their policies to his new agency. *Id.* at ¶¶ 23–32; Doc. 11. Equity One quickly filed this lawsuit to put a stop to Dishon's actions. Doc. 1. Asserting breach of contract and trade secret misappropriation claims, Equity One has asked this Court to enter a temporary restraining order enjoining Dishon from operating his new insurance agency and ordering him and his employees to stop misusing and disclosing Equity One trade secrets. Docs. 1, 5, 6.

### Analysis

Cases like this do not warrant preliminary relief because there is no likelihood that irreparable harm will result in the future without such relief. In *Choreo, LLC v.*

1

*Lors*, the Eighth Circuit reversed a district court's grant of a preliminary injunction in a case with facts similar to those here. 164 F.4th 667 (8th Cir. 2026). There, employees of a financial services firm joined a competitor and began poaching the firm's clients and employees. *Id.* at 669–70. The firm sued the employees for breaching multiple restrictive covenants in their employment agreements and for stealing the firm's trade secrets. *Id.* at 669. The Eighth Circuit held that the district court abused its discretion in granting preliminary relief because the harm suffered by the firm—economic losses—could be remedied with money damages. *Id.* at 671. And even though "the permanent loss of customer goodwill ***can*** constitute irreparable injury," *id.*, the Court found that the firm's conclusory declarations that the harm from the loss of goodwill was incalculable, "but not explaining why the loss defies calculation," was not enough to demonstrate irreparable harm. *Id.* at 672.

       As in *Choreo*, there is no likelihood of irreparable harm here. Even if Dishon has blatantly violated his contractual obligations, Equity One has not demonstrated that the resulting harm from those violations is not reparable with money damages. In fact, this case is all about money. No ancient oak tree is about to be torn down. No historic landmark is about to be destroyed. No toxins are about to leak into the water table. And no person is facing deprivation of their constitutional rights. Equity One has brought this suit to remedy lost business revenues associated with a competitive business attempting to siphon its customers. These losses are measurable and can be remedied with money damages. Indeed, the insurance industry is more than competent in calculating such losses. Equity One's conclusory statement that these losses "are not readily ascertainable or subject to valuation" fails to demonstrate otherwise. Doc. 6 at 16.

       The same is true for Equity One's trade secrets claims. The trade secrets identified by Equity One include mostly customer lists. For the reasons stated above, lost business is reparable through monetary damages. To the extent there are more nebulous competitive advantages associated with trade secrets other than customer lists, Equity One has failed to identify what those advantages are and why they cannot be calculated through a monetary damages award.

## Conclusion

Because Equity One has not demonstrated that it is likely to suffer irreparable harm absent preliminary relief, the request for a temporary restraining order must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Equity One's motion for a Temporary Restraining Order (Doc. 5) is **DENIED**.

Dated this 17th day of February, 2026.

_____
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE